HANSON BRIDGETT LLP
NOEL M. COOK, SBN 122777
ncook@hansonbridgett.com
ROBERT A. McFARLANE, SBN 172650
rmcfarlane@hansonbridgett.com
ROSANNA W. GAN, SBN 325145
rgan@hansonbridgett.com
JUSTIN P. THIELE, SBN 311787
jthiele@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:     (415) 777-3200
Facsimile:     (415) 541-9366

Attorneys for Plaintiff
BITGLASS, INC.

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITGLASS, INC., a Delaware corporation,<br><br>       Plaintiff,<br><br>       v.<br><br>NETSKOPE, INC., a Delaware corporation;<br>and JOSEPH GREEN, an individual,<br><br>       Defendants. | Case No. 3:20-cv-5216-RS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     January 28, 2020<br>Time:    10:30 a.m.<br>Crtrm.:  3, 17th Floor<br>Judge:   Hon. Richard Seeborg |

17222488.1

JOINT CASE MANAGEMENT STATEMENT

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California effective November 1, 2018, and Civil Local Rule 16-9.

**1.   Jurisdiction & Service**

All parties have been served in this matter, and there are no disputes regarding jurisdiction, venue, or service.

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's federal trade secret claim because it arises under 18 U.S.C. § 1836, the Defend Trade Secrets Act ("DTSA"), and relates to products and/or services used in, or intended for use in, interstate or foreign commerce.  This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121(a) over Plaintiff's federal false advertising claim because it arises under 15 U.S.C. § 1125(a)(1)(B) and relates to products and/or services used in, or intended for use in, interstate or foreign commerce.  This Court also has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 because each of Plaintiff's federal claims arise under the laws of the United States.  This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a) because such claims are so related to the federal-law claims that they form part of the same case or controversy under Article III.

**2.   Facts**

Bitglass and Netskope are competitors in the cloud security services market.  Joseph Green worked at Bitglass as Vice President, Worldwide Solutions Engineering from October 2017 until mid-April, 2019.  Mr. Green is now employed by Netskope.

Bitglass alleges that Mr. Green misappropriated trade secrets belonging to Bitglass on the final day of his employment.  Bitglass further alleges that Mr. Green, in breach of his contractual obligations to Bitglass, retained those trade secrets after his departure from Bitglass.  Bitglass alleges that Mr. Green provided the information he allegedly misappropriated to Netskope.  Bitglass alleges that Netskope misappropriated the information that it allegedly received from Mr. Green to gain competitive advantage in the market.  In a claim solely naming Netskope, Bitglass further alleges that Netskope has circulated a "Competitive Brief" that contains false or misleading

17222488.1

statements pertaining to Bitglass and its products.  Based on its allegations, Bitglass asserts claims for unfair competition, false advertising, federal and California trade secret misappropriation and, as to Mr. Green, breach of contract.

Netskope and Green deny Bitglass's allegations.  Netskope and Green also assert, *inter alia*, that none of Bitglass's allegations as pleaded establish that Bitglass is entitled to any relief and assert that several affirmative defenses are dispositive of Bitglass's claims.  Netskope specifically disputes Bitglass's contentions that the purportedly misappropriated information constitutes protectable trade secrets, that Bitglass was damaged by any of Netskope's conduct, and that any of the information in the so-called "Competitive Brief" is literally false, among other arguments. Green denies that he downloaded or accessed Bitglass documents after the termination of his Bitglass employment.  Green also asserts that he deleted all Bitglass documents per Bitglass' request and that he has not retained or used any Bitglass proprietary information or trade secrets, nor has he shared any such information with anyone at Netskope or any other parties. Green filed an answer on January 4, 2021.  Netskope has not yet filed an answer.

### 3.      Legal Issues

Following the Court's decision on the motions to dismiss, there are no currently pending legal issues.

### 4.      Motions

Defendants Netskope and Green filed motions to dismiss, which were heard December 17, 2020.  The Court granted in-part and denied in-part Netskope's motion and dismissed Bitglass's claims related to allegations of trademark infringement.  (*See* Dkt. 37.)  The Court denied Mr. Green's motion to dismiss.  (*Id.*)  The Court granted Bitglass an opportunity to amend its claims for trademark infringement, but Bitglass declined.  (*See* Dkt. 42.)

The parties anticipate that they may file cross-motions for summary judgment following the conclusion of discovery.  *See* Section 17 below for the parties' proposed date for the filing of summary judgment motions.

The parties also anticipate filing a joint motion for the entry of a protective order governing (i) the handling of confidential information during discovery and trial, and (ii) the

inadvertent production of privileged information during discovery.

**5.    Amendment of Pleadings**

The parties propose June 1, 2021, as the deadline to file motions to amend pleadings pursuant to FRCP 15.

**6.    Evidence Preservation**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and confirm that they discussed the necessity of preserving ESI reasonably related to the claims and defenses pled in this Action during the Rule 26(f) conference.

**7.    Disclosures**

The parties exchanged Initial Disclosures on December 3, 2020.

**8.    Discovery**

Initial disclosures were made on December 3, 2020.  Netskope has served document requests, interrogatories, requests for admission, a 30(b)(6) deposition notice of Bitglass and has requested the depositions of Bitglass executives Nat Kausik and Andrew Urushima.  Bitglass' responses are currently due on February 1, 2021, and the depositions have been tentatively scheduled for February 2021.  Netskope has served document requests and interrogatories on Netskope and on Green.  Green's responses are due on February 10 and Netskope's responses are due on February 11.  There are currently no discovery disputes.  The proposed schedule for discovery is set forth in section 17, below.  The parties agree that the inadvertent production of information that is subject to a claim of privilege shall not waive the privilege.  The parties will submit a proposed protective order in this matter that will contain a "claw back" provision intended to protect inadvertently produced material subject to a claim of privilege to the full extent permitted under Federal Rule of Evidence 502.  The parties do not believe discovery should be conducted in phases or that limitations in addition to those set forth in the Federal Rules of Civil Procedure are appropriate in this case.

The parties have discussed the exchange of ESI.  The parties agree that each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format.  TIFF files shall be single page and shall be named with a unique production number followed by the

1  appropriate file extension.  Load files shall be provided to indicate the location and unitization of

2  the TIFF files.  If a document is more than one page, the unitization of the document and any

3  attachments and/or affixed notes shall be maintained as they existed in the original document.

4  Electronically stored information ("ESI") not readily convertible to TIFF or other graphical image

5  format (including but not limited to spreadsheets, presentations, audio-visual content, graphic

6  designs, web pages, source code, object code, executable code, and software or firmware

7  applications) may be produced in native format, subject to the provisions of the protective order to

8  be entered in this matter.  Counsel will further meet and confer regarding ESI protocol as

9  necessary.

10       Due to concerns about burdening the parties' respective business relationships, Netskope

11  proposed a protocol whereby the parties are required to provide notice and to meet and confer

12  before issuing a subpoena to one another's customers or other business partners.  Bitglass did not

13  accept Netskope's proposal, noting that, given the parties' professionalism to date, it is unlikely

14  that such safeguards are necessary.  While Netskope's counsel, of course, appreciates Bitglass's

15  counsel's viewpoint, Netskope nevertheless remains concerned that the discovery in this case

16  could burden Netskope's ongoing business relationships.

17       a.    <u>Plaintiff's Statement About Anticipated Discovery</u>:

18  Plaintiff Bitglass anticipates that it will need discovery on at least the following topics:

19  •    Green's retention, use, and disclosure of Bitglass trade secrets and confidential
        information, the scope of Bitglass trade secrets and confidential information that
20       Green retained and made available to Netskope, and the circumstances in which
        Green made Bitglass confidential and trade secret information available to
21       Netskope;

22  •    Netskope's acquisition, disclosure and use of Bitglass trade secrets;

23  •    Information, documents and communications pertaining to companies a) to whom
        Netskope disclosed Bitglass trade secrets and b) whose business Netskope
24       attempted to earn using Bitglass trade secrets; any and all contracts entered between
        such companies and Netskope; and any and all business Bitglass failed to gain from
25       such companies;

26  •    The development, distribution, and use of the Competitive Brief described in
        Bitglass's Complaint;

27
28  •    Information, documents, and communications pertaining to the truth or falsity of
        statements contained in the Competitive Brief, and Netskope's efforts to determine

the truth or falsity of such statements;

- Information, documents and communications pertaining to companies to whom Netskope disclosed the Competitive Brief and any and all contracts entered between such companies and Netskope and any and all business Bitglass failed to gain from such companies; and

- The benefits to Netskope, and the detriment to Bitglass, caused by Netskope's use of Bitglass trade secrets and by the false statements set forth in the Competitive Brief.

b. <u>Defendants' Statement About Anticipated Discovery</u>:

Defendant Netskope anticipates that it will need discovery on at least the following topics:

- Bitglass's alleged trade secrets;

- Bitlglass's allegation that Green allegedly retained, used, and disclosed its trade secrets and confidential information;

- Bitglass's allegation that its trade secrets were made available to or otherwise exploited by Netskope;

- Bitglass's allegation that Netskope shared information regarding Bitglass to third parties;

- Bitglass's allegation that it was harmed, including whether it lost any customers, by any of Netskope's conduct;

- Bitglass's acquisition of information regarding its allegation that Netskope misappropriated its purported trade secrets;

- Bitglass's allegation that information in the so-called Competitive Brief is literally false;

- Bitglass's allegation that the so-called Competitive Brief caused it any harm; and

- Bitglass's acquisition of information regarding the so-called Competitive Brief.

Green will need discovery on at least the following topics:

- The identification of the alleged trade secrets that Bitglass claims are at issue in this litigation;

- Bitglass' allegations that it took appropriate steps to protect its claimed trade secrets;

- Bitglass' allegations that Green misappropriated and misused Bitglass' alleged trade secrets;

- Bitglass' allegations that Green shared alleged misappropriated Bitglass trade secrets with anyone at Netskope;

- Bitglass' allegations that it has been damaged by Green's alleged misappropriation of Bitglass trade secrets.

The parties shall take further discovery on any other matters that arise based upon the investigation and discovery conducted in this matter.

**9.     Class Actions**

This is not a class action.

**10.    Related Cases**

There are no related cases of which the parties are aware.

**11.    Relief**

A.    <u>Plaintiff's Statement</u>:

In its Complaint, Plaintiff has requested the following relief:

1.      That Defendants, their principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary company, attorney and representatives, and all of those in privity with or acting under their direction or pursuant to their control, be preliminarily and permanently enjoined and restrained from directly or indirectly:

a.      Publishing or otherwise distributing false or misleading statements concerning Plaintiff's products;

2.      That Defendants, their principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary company, attorney and representatives, and all of those in privity with or acting under their direction or pursuant to their control, be further preliminarily and permanently enjoined from

a.      acquiring, using, or disclosing confidential and trade secret information belonging to Bitglass, and further

b.      be ordered to return any and all confidential and trade secret information belonging to Bitglass that is within its possession, custody or control;

3.      That Defendants be required to destroy all copies of the Competitive Brief and any other document or publication containing false or misleading statements concerning Plaintiff or its products;

4.      That Defendants be required to publish appropriate corrective advertising to ameliorate the harmful effects of their false or misleading statements;

5.      That Defendants be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief;

6.      That Defendants be ordered to pay Plaintiff monetary damages for the harm resulting from infringement of Plaintiff's mark and from Defendants' false or misleading statements concerning Plaintiff's products, in an amount to be determined at trial;

7.      That Defendants be ordered to pay Plaintiff monetary damages for the harm and/or the unjust enrichment resulting from its misappropriation of Bitglass trade secrets;

8.      That Defendants be ordered to pay exemplary damages;

9.      That Defendants be ordered to pay Plaintiff restitution for Defendants' unjust enrichment;

10.     That Green be ordered to pay Plaintiff monetary damages for the harm caused by his breach of his contractual obligations to Plaintiff;

11.     That Plaintiff be awarded punitive damages as a result of Defendants' conduct;

12.     That Defendants be ordered to pay Plaintiff's attorneys' fees for its misappropriation of trade secrets and as an exceptional case;

13.     That Defendants be ordered to pay Plaintiff's costs of prosecuting this action; and

12.     And for such other and further relief as the Court may deem just and proper.

As to Plaintiff's requests for actual damages and Defendants' unjust enrichment, Plaintiff has not obtained any discovery concerning Defendants' conduct.  As such, Plaintiff cannot presently compute its monetary damages or the amount of Defendants' unjust enrichment at this time.  Plaintiff expects that any such computation will be the subject of lay and/or expert testimony after fact discovery is completed or nearly completed.  As to Plaintiff's request for attorneys' fees and costs, the amount of such costs and fees are all dependent on the ultimate costs and fees expended by Plaintiff up through trial and will depend on the outcome and extent of this litigation.

B.      Defendants' Statement:

Defendant Netskope seeks the following relief through this action:

1.      That this case be dismissed in its entirety with prejudice;

2.      That Netskope recover its fees and costs spent defending this action; and

3.      That Netskope be awarded any other relief that the Court may find appropriate in connection with its defending of this action.

Defendant Green seeks dismissal of Plaintiff's claims against him in their entirety.  Mr. Green also seeks reimbursement of his attorneys' fees pursuant to federal and state law.

**12.      Settlement and ADR**

The parties agree that this case is suitable for private mediation and have agreed to select a mediator through JAMS.  The parties further agree that mediation is most likely to be successful if it takes place after all pleadings have been filed and some discovery has been taken on the claims and defenses.  Consequently, they propose that the mediation be completed no later than May 31, 2021.

**13.      Consent to Magistrate Judge For All Purposes**

Not all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.      Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.      Narrowing of Issues**

At this time, the parties are not aware of arrangements or motions that could be useful to narrow the issues for trial.

**16.      Expedited Trial Procedure**

This is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.      Scheduling**

The parties jointly propose the following schedule for discovery, dispositive motions,

Daubert motions, and trial:

| | |
|---|---|
| June 1, 2021: | Last day to amend parties and pleadings |
| October 1, 2021: | Close of Fact Discovery |
| October 29, 2021: | Affirmative Expert Reports Due |
| November 19, 2021: | Rebuttal Expert Reports Due |
| December 10, 2021: | Close of Expert Discovery |
| January 13, 2022: | Last day to file dispositive motions[1] |
| March 3, 2022: | Hearing on dispositive motions |
| March 11, 2022: | Joint pretrial conference statement due |
| March 28, 2022: | Final Pretrial Conference |
| April 25, 2022: | Trial |

**18.   Trial**

Plaintiff and Green have requested, and Netskope intends to request, a trial by jury.  The parties estimate that trial will last 15 court days.

**19.   Disclosure of Non-party Interested Entities or Persons**

Bitglass and Netskope previously filed their disclosures of interested parties pursuant to Local Rule 3-15 and FRCP 7.1.  Plaintiff Bitglass identified the following entities: Capital Partners III, L.P., which is owned by Silicon Valley Bank; Singtel Innov8 PTE Ltd., owned by Singapore Telecom; Samsung Oak Holdings, Inc., an affiliate of Samsung Electronics; and Future Fund, the Australian sovereign wealth fund.  Defendant Netskope certified that it had no entities within the scope of the rule to disclose.  The Parties have no additional disclosures to make at this time.

**20.   Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the

---

[1]   The parties have agreed to the following briefing schedule for dispositive motions: Deadline to file dispositive motions: January 13, 2022; Deadline to file Oppositions to Dispositive Motions: February 3, 2022; Reply Briefs in Support of Dispositive Motions: February 17, 2022.

17222488.1
JOINT CASE MANAGEMENT STATEMENT

1  Northern District of California.

2      **21.    Other**

3      **End Date for Privilege Logs**.  So that the parties avoid the burden of preparing and

4  serving privilege logs that catalogue communications with the attorneys retained to represent them

5  in this suit, Bitglass has proposed that privileged communications created on or after June 1, 2019,

6  need not be logged.  As part of that proposal, Bitglass has indicated that this provision could be

7  revisited if a dispute arises regarding the privileged status of communications created after that

8  date arises.

9      As of the time of this submission, Netskope has not yet fully developed its view on this

10  issue.

11      **Electronic Service.**  The parties have agreed that service can be made in this action via

12  electronic means.  Service under this agreement may be made by electronic delivery to the

13  following recipients:

14      **If to Plaintiff Bitglass**:

15      Noel M. Cook – ncook@hansonbridgett.com

16      Robert A. McFarlane – rmcfarlane@hansonbridgett.com

17      Rosanna W. Gan – rgan@hansonbridgett.com

18      Justin P. Thiele – jthiele@hansonbridgett.com

19      Laura Prongos – lprongos@hansonbridgett.com

20      Alexandra Edlin – aedlin@Hansonbridgett.com

21      **If to Defendant Netskope**:

22      Tyler Atkinson – tatkinson@mcmanislaw.com

23      Patrick Hammon – phammon@mcmanislaw.com

24      Ana Cervantes – acervantes@mcmanislaw.com

25      Elise Dresser – edresser@mcmanislaw.com

26      **If to Defendant Green**:

27      Daniel Muller – dmuller@venturahersey.com

28      Dalton Gary – dgary@venturahersey.com

17222488.1

JOINT CASE MANAGEMENT STATEMENT

1        The list of recipients may be amended by each party via email notification to all other

2   parties.

3   DATED:  January 22, 2021               HANSON BRIDGETT LLP

4

5                                  By:     */s/ Noel M. Cook*
                                      NOEL M. COOK

6                                           ROBERT A. McFARLANE
                                      ROSANNA W. GAN

7                                           JUSTIN P. THIELE
                                      Attorneys for Plaintiff

8                                           BITGLASS, INC.

9

10  DATED:  January 22, 2021               McMANIS FAULKNER

11

12                                 By:     */s/ Patrick Hammon*
                                        JAMES McMANIS

13                                          TYLER ATKINSON
                                        PATRICK HAMMON

14                                          ANDREW PARKHURST
                                        Attorneys for Defendant

15                                          NETSKOPE, INC.

16

17  DATED:  January 22, 2021               VENTURA HERSEY & MULLER, LLP

18

19                                 By:     */s/ Daniel Muller*
                                        DANIEL MULLER

20                                          Attorneys for Defendant

21                                        JOE GREEN

22

23       Pursuant to Local Rule 5-1(i)(1)-(3), Noel M. Cook hereby attests that all other signatories

24  listed, and on whose behalf the filing is submitted, concur in the filing's content and have

25  authorized the filing of this document.

26

27                               */s/ Noel M. Cook*
                             Noel M. Cook

28

17222488.1    JOINT CASE MANAGEMENT STATEMENT